UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TYLER GUTHRIE Proper sui iuris, in private capacity, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:25-cv-00062-TWP-KMB ) |
| ROBERT CLINE Official and individual capacity, JOHN PLUMBER, III Official and individual capacity, SARAH HULUDA Official and individual capacity, STATE OF INDIANA, BEDFORD POLICE DEPARTMENT, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING MOTIONS TO PROCEED *IN FORMA PAUPERIS*, SCREENING SECOND AMENDED COMPLAINT, DIRECTING SERVICE, AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

This matter is before the Court on *pro se* Plaintiff Tyler Guthrie's ("Guthrie") two requests to proceed *in forma pauperis* (Dkts. 7 and 11), and Emergency Verified Complaint for Damages and Injunctive Relief. (Dkt. 13). For the reasons explained below, Guthrie's requests to proceed *in forma pauperis* are **granted**, and upon screening of the Second Amended Complaint, all of his claims are **dismissed** except his Section 1983 claim against Sarah Haluda, and his request for injunctive relief is **denied**.

I. **DISCUSSION**

In the Entry of April 17, 2025, the Court denied Guthrie's request to proceed *in forma pauperis* and explained that his Complaint was subject to dismissal for lack of jurisdiction. (Dkt. 6). The Court granted Guthrie leave to re-file a motion to proceed *in forma pauperis* and to file an amended complaint. Guthrie then filed a Request to Proceed in District Court Without Prepaying

the Filing Fee (Dkt. 7) and his first Amended Complaint (Dkt. 8). On June 24, 2025, Guthrie filed another request to proceed *in forma pauperis* (Dkt. 11) and an Emergency Verified Complaint for Damages and Injunctive Relief (Dkt. 13), which is treated as his Second Amended Complaint with an embedded Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for TRO and injunction"). The Court will first address the motions to proceed *in forma pauperis*.

### A.   Motions to Proceed *in Forma Pauperis*

Guthrie's duplicative motions for leave to proceed *in forma pauperis* without prepaying fees or costs (Dkt. 7; Dkt. 11) are **granted**. While *in forma pauperis* status allows a plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Guthrie's *in forma pauperis* status. *Fiorito v. Samuels*, No. 16-1064, 2016 WL 3636968, at *2 (C.D. Ill. June 30, 2016) ("Court does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 14-cv-53, 2015 WL 4773135, at *5 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

### B.   Screening the Second Amended Complaint

#### 1.  Screening Standard

Because Guthrie is proceeding in forma pauperis, the Court must screen his Second Amended Complaint. District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies

2

the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphases in original).

### 2. **Guthrie's Second Amended Complaint**

On June 24, 2025, without leave of Court, Guthrie filed an "Emergency Verified Complaint for Damages and Injunctive Relief (Dkt. 13), which the Court construes as a Second Amended Complaint. In it, he asserts several claims arising from a prior arrest and prosecution in Lawrence County, Indiana. Guthrie alleges that on March 16, 2025, Bedford Police Officer Sarah Haluda[1] ("Officer Haluda") pulled him over for a traffic stop. *Id*. at 8. Officer Haluda allegedly conducted the stop without probable cause, unreasonably held Guthrie at gunpoint, and lied in her subsequent probable cause affidavit. *Id.* Guthrie "refused an unlawful blood draw," but "[d]espite the lack of probable cause, a search warrant was issued by Judge John Plummer III [("Judge Plummer")], who was not assigned to [Guthrie's] case." *Id.*

Guthrie was then charged in Lawrence Superior Court (the "Lawrence County Case") with operating a vehicle with a controlled substance, operating a vehicle while intoxicated endangering

---

[1] Officer Haluda's last name is spelled different ways throughout Guthrie's pleadings. The Court will spell Officer Haluda's last name as it is spelled in the probable cause affidavit that Officer Haluda prepared.

a person, and resisting law enforcement.[2] (Dkt. 13 at 8). The Honorable Robert Cline ("Judge Cline") issued the probable cause order in the Lawrence County Case and continues to preside over that Case.

Guthrie alleges that Judge Cline "acted outside his jurisdiction and without a valid oath or bond on file . . . thereby nullifying all orders issued under color of judicial authority." *Id.* Guthrie also contends that Lawrence County Prosecutor Samuel Arp ("Prosecutor Arp") "knowingly pursued prosecution under coercive threats and failed to disclose Brady material, violating [Guthrie's] rights." *Id.*

Two days after his arrest, Guthrie was released on bond.[3] On March 24, 2025, at Guthrie's initial hearing, Judge Cline discovered that Guthrie was attempting to record the hearing, so he held Guthrie in contempt and ordered him into custody for seven days.[4] Guthrie alleges that he was not afforded due process with respect to the contempt order. *Id.*

Throughout March 2025, Guthrie filed several documents in the Lawrence County Case, including a motion for the return of property, which Judge Cline set for an in-person hearing on April 10, 2025. By April 7, 2025, Guthrie had initiated this federal action by filing his initial Complaint against Judge Cline, Judge Plummer, Officer Haluda, the State of Indiana, and the Bedford Police Department (Dkt. 1).

A week after the hearing on Guthrie's motion for return of property, the State of Indiana filed a motion to revoke Guthrie's pretrial release. The State alleged that Guthrie had been previously advised that his license had been suspended by the Lawrence Superior Court, which Guthrie disputes (Dkt. 13 at 8), but that upon leaving the courthouse after the April 10, 2025

---

[2] *Indiana v. Guthrie*, No. 47D02-2503-F6-000269 ("*Guthrie I*") (Lawrence Sup. Ct. Mar. 17, 2025).
[3] Bond Form, *Guthrie I* (Lawrence Sup. Ct. Mar. 18, 2025).
[4] Direct Contempt & Commitment Order, *Indiana v. Guthrie*, No. 47D02-2503-MC-000306 (Lawrence Sup. Ct. Mar. 24, 2025); Order on State's Motion to Revoke Pretrial Release, *Guthrie I* (Lawrence Sup. Ct. Apr. 21, 2025).

hearing on Guthrie's motion for return of property, he was seen operating a motor vehicle.[5] Guthrie was stopped and ticketed for driving while on a suspended license, and he was charged in a separate action in Lawrence County with that offense.[6] Guthrie alleges that "no opportunity to contest the revocation was ever provided," *id.*, although the state court docket shows that Guthrie filed several documents challenging the State's motion to revoke his pretrial release. Judge Cline granted the State's motion to revoke Guthrie's pretrial release,[7] and Guthrie was placed in the Lawrence County Jail, where he was assaulted by other inmates, resulting in serious injuries (Dkt. 13 at 8).

On May 19, 2025, Guthrie, acting *pro se*, pleaded guilty in the Lawrence County Case to operating a vehicle with a controlled substance and resisting law enforcement. The same day, Guthrie was given a suspended sentence, and he was released.[8] Guthrie alleges he was coerced into accepting the plea under a threat of "new charges." *Id.* at 9. A few days later, Guthrie filed a motion to withdraw his plea, a Notice of Appeal, and a motion to stay his probation pending appeal. Judge Cline denied Guthrie's motion to stay his probation. Guthrie requested an emergency stay of his probation from the Indiana Court of Appeals, which denied Guthrie's request.[9] *Id.* Guthrie's state court appeal of the Lawrence County Case remains pending.

On June 3, 2025, Guthrie was arrested in Orange County for driving while on a suspended license.[10] As a result, in the Lawrence County Case, the State filed a petition to revoke Guthrie's suspended sentence.[11] On June 21, 2025, Judge Cline set the State's petition for a hearing on July 1, 2025. On June 23, 2025, Guthrie filed his Second Amended Complaint and Motion for TRO.

---

[5] Mot. to Revoke Pretrial Release, *Guthrie I* (Lawrence Sup. Ct. Apr. 17, 2025).
[6] *Indiana v. Guthrie*, No. 47D02-2504-IF-000346 (Lawrence Sup. Ct. Apr. 10, 2025).
[7] Order on State's Motion to Revoke Pretrial Release, *Guthrie I* (Lawrence Sup. Ct. filed Apr. 21, 2025).
[8] Plea Agreement, *Guthrie I* (Lawrence Sup. Ct. May 19, 2025); Standard Terms & Conditions, *Guthrie I* (Lawrence Sup. Ct. filed May 19, 2025); Sentencing/Commitment Order, *Guthrie I* (Lawrence Sup. Ct. May 19, 2025).
[9] Order, *Guthrie v. Indiana*, No. 25A-CR-01332 (Ind. Ct. App. June 20, 2025)
[10] Order, *Indiana v. Guthrie*, No. 59D01-2506-CM-000282 (Orange Sup. Ct. June 3, 2025).
[11] Pet. To Revoke Suspended Sentence, *Guthrie I* (Lawrence Sup. Ct. June 16, 2025).

### 3. Guthrie's Claims Against Officer Haluda

Guthrie alleges that Officer Haluda used unlawful and excessive force when she pulled him over without probable cause, held him at gunpoint, and forced him to take a blood draw (Dkt. 13 at 10). At this time, the Court has not determined that Guthrie's Section 1983 claim against Officer Haluda must be dismissed pursuant to § 1915(e), so that claim **shall proceed**. This ruling is without prejudice to the filing of a proper Rule 12 motion.

### 4. Guthrie's Remaining Claims

Guthrie's remaining claims against Judge Cline, Judge Plummer, Prosecutor Arp, the State of Indiana, the Bedford Police Department, and AG Rokita must be dismissed. Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citations and quotation marks omitted). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support").

Based on the allegations of the Second Amended Complaint, this Court does not have jurisdiction to adjudicate Guthrie's claims against Judge Cline, Judge Plummer, Prosecutor Arp, the State of Indiana, the Bedford Police Department, and AG Rokita; because they are barred by judicial immunity and prosecutorial immunity, fail to state a claim upon which relief can be granted, and are barred by the *Rooker-Feldman* doctrine.

### a. Judicial Immunity and Prosecutorial Immunity

This Court lacks jurisdiction to adjudicate Guthrie's claims against Judge Cline, Judge Plummer, and Prosecutor Arp. Judges are entitled to absolute immunity where, as here, the challenged actions are "judicial in nature." *Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016); *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Similarly, claims against prosecuting attorneys, including Prosecutor Arp, are barred by prosecutorial immunity. "Prosecutors are protected by robust immunity from federal tort liability, whether common law or constitutional . . . for acts they commit within the scope of their employment as prosecutors." *Katz-Crank v. Haskett*, 843 F.3d 641, 647

7

(7th Cir. 2016) (internal citation and quotation marks omitted). Guthrie's claims against Judge Cline, Judge Plummer, and Prosecutor Arp are therefore dismissed.

### b. Failure to State a Claim

Guthrie's claims against AG Rokita, the State of Indiana, and the Bedford Police Department must also be dismissed for failure to state a claim. As to AG Rokita, the Second Amended Complaint alleges only that he "failed to correct ongoing constitutional violations after being served with formal notices and affidavits." (Dkt. 13 at 8). This vague and conclusory allegation is entirely insufficient to state a claim for relief against AG Rokita. Similarly, Guthrie fails to allege more than a few conclusory allegations against the State of Indiana. Moreover, AG Rokita and the State of Indiana are shielded from suit by sovereign immunity. The Eleventh Amendment prohibits a state from being sued unless it consented to suit, or the plaintiff sues under a statute that carves out an exception to the state's sovereign immunity. *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 455–56 (1976). This immunity extends to state officials sued in their official capacity, like AG Rokita. *See Lewis v. Clarke*, 581 U.S. 155, 162 (2017). Guthrie fails to explain how his claims against the State are not barred by sovereign immunity, so his claims against the State and AG Rokita must be dismissed for this additional reason.

Guthrie does not name the Bedford Police Department as a defendant in his Second Amended Complaint, so he appears to have abandoned his claims against it. Regardless, any claims against the Bedford Police Department must be dismissed. To start, the Bedford Police Department is not a suable entity. *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued."). The City of Bedford would be the proper defendant, but municipalities "cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of respondeat superior for constitutional violations committed by their employees." *Simpson v. Brown Cnty.*, 860 F.3d 1001, 1005–06 (7th

Cir. 2017). "The critical question under *Monell* . . . is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the action of the entity's agents." *Glisson v. Ind. Dep't of Corrs.*, 849 F.3d 372, 379 (7th Cir. 2017). Guthrie's claims against the Bedford Police Department arise solely from his arrest by Officer Haluda, which is not enough to impose liability on the Department or City. Guthrie has not identified any alleged unconstitutional policy, so there is no basis for liability against the Bedford Police Department or the City of Bedford.

### c. *Rooker-Feldman* Doctrine

As a more general matter, Guthrie's claims regarding the Lawrence County Case are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine derives from two decisions of the United States Supreme Court: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). According to this doctrine, lower federal courts are precluded from exercising jurisdiction over claims seeking review of state court judgments or over claims "inextricably intertwined" with state court determinations. *See, e.g., Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). "The *Rooker-Feldman* doctrine precludes federal jurisdiction over these claims because, **no matter how erroneous or unconstitutional the state court judgment may be**, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (emphasis added). Guthrie plainly seeks review of the orders issued in the Lawrence County Case. This Court accordingly lacks jurisdiction over Guthrie's claims under the *Rooker-Feldman* doctrine. Guthrie's proper course of action to challenge the Lawrence Superior Court's orders is to proceed with his appeal in the Indiana Court of Appeals and, if appropriate, seek review by the Indiana Supreme Court and United

9

States Supreme Court. Guthrie's claims in this lower federal Court, however, must be dismissed for lack of jurisdiction.

C.     **Service of Process on Officer Haluda**

Because Guthrie is proceeding *in forma pauperis*, Federal Rule of Civil Procedure 4(c)(3) requires the Court to order service for him. Accordingly, the **Clerk is designated** pursuant to Rule 4(c)(3) to issue process to Officer Haluda in the manner specified by Rule 4(d). Process shall consist of the Second Amended Complaint (Dkt. 13), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

D.     **Motion for Temporary Restraining Order and Injunction**

The Court now turns to Guthrie's Motion for TRO and injunction (Dkt. 13 at 15). Rule 65 of the Federal Rules of Civil Procedure authorizes district courts to issue two forms of temporary injunctive relief: preliminary injunctions and temporary restraining orders. Courts generally apply the same equitable standards to a motion for a temporary restraining order as they do to a motion for a preliminary injunction. *See Int'l Profit Assocs., Inc. v. Paisola*, 461 F. Supp. 2d 672, 675 (N.D. Ill. 2006) (collecting cases). In his Motion for TRO and injunction, Guthrie requests an order:

- enjoining the Lawrence Superior Court "from enforcing any summons, warrant, probation hearing, or incarceration against [Guthrie] pending the resolution of this federal action";

- enjoining "any all actions by Judge Robert Cline, Prosecutor Samual Arp, or any agents of Lawrence County or Orange County from pursuing further state-level enforcement proceedings in retaliation for [Guthrie's] appeal and federal complaint";

- enjoining "enforcement of the July 1, 2025 summons related to a probation revocation hearing" in the Lawrence County Case;

- enjoining "all administrative penalties stemming from the March 16, 2025 arrest and blood draw"; and

- enjoining "any attempt by the State of Indiana or its agents to interfere with [Guthrie's] constitutional right to due process, appeal, travel, privacy, and to redress grievances in federal court."

10

*Id.* at 16. Given the substance of the relief sought, the Motion for TRO and injunction is better understood as a motion for preliminary injunction. This is because "[a] temporary restraining order may not exceed 14 days without good cause." *Decker v. Lammer*, No. 21-1328, 2022 WL 135429, *2 (7th Cir. Jan. 14, 2022) (citing Fed. R. Civ. P. 65(b)(2)).

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020) (emphasis added). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.* "[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490. 501 (7th Cir. 2020) (cleaned up).

Guthrie clearly fails to satisfy the third threshold requirement—a likelihood of success on the merits. As explained above, all of Guthrie's claims are subject to dismissal except for his Section 1983 claim against Officer Haluda, for which Guthrie can obtain only monetary relief.[12] Guthrie therefore has no likelihood of success on any claim that might entitle him to the injunctive relief he seeks.

Guthrie's requested injunctive relief is also barred by the Anti-Injunction Act and general principles of federalism. Under the Anti-Injunction Act, a federal court "may not grant an

---

[12] Under Section 1983, declaratory or injunctive relief if proper only if there is a continuing violation of federal law. and Officer Haluda's alleged violation—her arrest of Guthrie on March 16, 2025—is not continuing. "When there is no continuing violation of federal law, injunctive relief is not part of a federal court's remedial powers." *Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir.1991).

11

injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. These limited exceptions are construed narrowly. *See Atlantic Coast Line R.R. Co. v. Broth. of Locomotive Eng'rs.*, 398 U.S. 281, 287 (1970).

An injunction in this case is not necessary "in aid of [this Court's] jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Here, "[t]he only basis to enjoin the state court case would be so that [this Court] could rule on the federal issues first," which "is no basis for an injunction. Moreover, this case is in its infancy, so an injunction will not protect this Court's orders." *A.B. ex rel. Kehoe v. Hous. Auth. of South Bend*, No. 11 CV 163, 2011 WL 2692966, at *4 (N.D. Ind. July 8, 2011) (citing cases explaining inapplicability of "aid of jurisdiction" and "protection of judgment" exceptions). An injunction is also not appropriate under the "expressly authorized by Act of Congress" exception. Actions under Section 1983 fall within this exception, but "only when the state litigation is itself the violation of the Constitution." *Hickey v. Duffy*, 827 F.2d 234, 240 (7th Cir. 1987). For the reasons discussed above, Guthrie's only viable Section 1983 claim arises from his arrest by Officer Haluda, not any of the state court prosecutions themselves.

Moreover, "according to the Supreme Court, the applicability of an exception to the Act does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'" *Kehoe*, 2011 WL 2692966, at *5 (quoting *Mitchum v. Foster*, 407 U.S. 225, 243 (1972)). So even if Guthrie could adequately plead a claim for injunctive relief, principals of comity and federalism persuade this Court that it should not intervene in the Lawrence County Case or other state court prosecutions. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151 (1988) ("The fact that an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue." (emphasis in original)).

Guthrie has not met his initial burden of demonstrating the three threshold requirements necessary for preliminary injunctive relief, so his Motion for TRO and injunction is **denied**.

## II.     CONCLUSION

For the reasons stated above, Guthrie's duplicative Requests to Proceed in District Court Without Prepaying the Filing Fee [Dkt. 7; Dkt. 11] are **GRANTED**. The Court **DENIES** Guthrie's Motion for TRO [Dkt. 13].

Having screened the Second Amended Complaint, Guthrie's Section 1983 claim against Officer Haluda **SHALL PROCEED**. Guthrie's remaining claims are **DISMISSED**, and the **Clerk is directed** to terminate Robert Cline, John Plumber III, the State of Indiana, and the Bedford Police Department as parties.

The **Clerk is designated** pursuant to Rule 4(c)(3) to issue process to Officer Haluda in the manner specified by Rule 4(d). Process shall consist of the Second Amended Complaint (Dkt. 13), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

Additionally, the **Clerk is directed** to re-docket as a separate entry [Dkt. 13 at pp. 1–14], as Guthrie's Second Amended Complaint, and to update the docket to reflect the correct spelling of Defendant Sarah Haluda's last name.

**SO ORDERED**.

Date: 6/30/2025

                                                            Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TYLER GUTHRIE
620 Sportsman Club Rd.
Mitchell, IN 47446

Sarah Haluda
Bedford Police Department
2308 16th Street
Bedford, IN  47421