**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| TYLER GUTHRIE Proper sui iuris, in private capacity, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:25-cv-00062-TWP-KMB |
| SARAH HALUDA Official and individual capacity, | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) by the Defendant, Bedford Police Officer Sarah Haluda ("Officer Haluda") (Dkt. 29). *Pro se* Plaintiff Tyler Guthrie ("Guthrie") initiated this action in April 2025 following a traffic stop initiated by Officer Haluda and subsequent arrest. Following screening pursuant to 28 U.S.C. § 1915(e)(2)(B), only Guthrie's excessive force claim against Officer Haluda remains pending. Officer Haluda moves to dismiss this claim under the *Rooker-Feldman* doctrine and *Heck v. Humphrey*. For the reasons explained below, Officer Haluda's Motion to Dismiss is **granted**.

## I. BACKGROUND

Guthrie's operative Second Amended Complaint contains very few allegations relevant to his excessive force claim.[1] In evaluating the sufficiency of the complaint, the court considers it complaint in the light most favorable to Guthrie, the nonmoving party, accepting well-pleaded

[1] Officer Haluda attaches to her Motion and thoroughly cites her probable cause affidavit from the underlying criminal case. On a motion to dismiss, the Court may only consider documents referred to in Guthrie's Second Amended Complaint and central to his claims. *Fin. Fiduciaries, LLC v. Gannett Co.*, 46 F.4th 654, 663 (7th Cir. 2022). Although the probable cause affidavit is mentioned in the Second Amended Complaint (to the extent Guthrie alleges that it is untruthful), it is not central to his remaining claim, so the Court does not consider it.

facts as true, and drawing all inferences in the Guthrie's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016).

Guthrie alleges that on March 16, 2025, Officer Haluda pulled him over for a traffic stop, and unreasonably held him at gunpoint "without probable cause." (Dkt. 16 at 8, 10). The rest of the allegations are not relevant to Guthrie's surviving claim but are provided here for background. Following Officer Haluda's traffic stop, Guthrie was arrested and charged in Lawrence Superior Court with operating a vehicle with a controlled substance, operating a vehicle while intoxicated endangering a person, and resisting law enforcement.[2] Throughout March 2025, Guthrie filed several motions in the underlying criminal case.

On April 7, 2025, Guthrie initiated this federal lawsuit against two Lawrence County judges, the Lawrence County prosecutor, the State of Indiana, the Bedford Police Department, and Officer Haluda (Dkt. 1). On April 17, 2025, the Court ordered Guthrie to either pay the filing fee or file a request to proceed *in forma pauperis* (Dkt. 6). Guthrie filed a Request to Proceed in the District Court Without Prepaying the Filing Fee (Dkt. 7), followed by a first Amended Complaint (Dkt. 8), and then an "Emergency Verified Complaint for Damages and Injunctive Relief" (Dkt. 13), among several other filings.

On May 19, 2025, Guthrie, acting *pro se* and under coercion[3], Guthrie pleaded guilty in the Lawrence County Case to operating a vehicle with a controlled substance and resisting law enforcement. The same day, Guthrie was given a suspended sentence, and he was released

On June 30, 2025, this Court granted Guthrie's request to proceed *in forma pauperis*, denied his request for injunctive relief, and, construing his "Emergency Verified Complaint" as a Second Amended Complaint, screened that pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) (Dkt. 15). The

---

[2] *Indiana v. Guthrie*, No. 47D02-2503-F6-000269 ("*Guthrie I*") (Lawrence Sup. Ct. Mar. 17, 2025).

[3] Guthrie alleges he was coerced into accepting the plea under the threat of "new charges."

Court dismissed all of Guthrie's claims except his excessive force claim under 42 U.S.C. § 1983 against Officer Haluda. *Id.* at 6, 10. The Second Amended Complaint was re-docketed at Dkt. [16].

Haluda now moves to dismiss the excessive force claim, arguing that this Court lacks jurisdiction over Guthrie's claim under the *Rooker-Feldman* doctrine, and that Guthrie's claim implies the invalidity of his conviction for resisting arrest and must be dismissed under *Heck v. Humphrey.* Guthrie did not file a response to the Motion, and the time to do so has passed. The Motion to Dismiss is therefore ripe for the Court's review.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Under Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges the court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the plaintiff, the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012) (en banc). "The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof." *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). When ruling on a motion to dismiss for lack of subject-matter jurisdiction, "the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citation omitted). Further, "the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citation modified).

### B. Motion to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When

deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation modified). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III. DISCUSSION

### A. *Rooker-Feldman* Doctrine

Haluda first argues that Guthrie's claim must be dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine because it constitutes "an impermissible collateral attack on his

underlying state court conviction." (Dkt. 30 at 1).[4] The *Rooker-Feldman* doctrine derives from two decisions of the United States Supreme Court: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under this doctrine, lower federal courts are precluded from exercising jurisdiction over claims seeking review of state court judgments. *See, e.g.*, *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). "The *Rooker-Feldman* doctrine precludes federal jurisdiction over these claims because, no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000).

In determining the applicability of the doctrine, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). "If the claim alleges an injury independent of the state-court judgment that the state court failed to remedy, *Rooker-Feldman* does not apply." *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017). "Notably, the *Rooker-Feldman* doctrine is a narrow one." *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). The doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers . . . inviting district court review and rejection of those [state courts'] judgments." *Exxon-Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). For the doctrine to apply, "there must be no way for the injury complained of by a plaintiff to be separated from a state court judgment." *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016). "But if the suit does not seek to vacate the judgment of the state court and instead

---

[4] Officer Haluda also argues Guthrie's claim is "inextricably intertwined" with the state court conviction, but courts "no longer rely on the 'inextricably intertwined' language that has contributed to confusion in applying the *Rooker-Feldman* doctrine." *Gilbank v. Wood Cnty. Dep't of Human Servs.*, 111 F.3d 754, 761 (7th Cir. 2024).

seeks damages for independently unlawful conduct, it is not barred by *Rooker-Feldman*." *Mains*, 852 F.3d at 675.

Here, construing Guthrie's remaining claim liberally, he does not seek review and rejection of the orders or judgment in the underlying state court action. Rather, the injury claimed—use of excessive force in violation of Guthrie's Fourth Amendment rights—was inflicted by Officer Haluda before Guthrie's arrest or prosecution. "[C]laims based on injuries that are 'independent' of the state-court judgment (i.e., injuries that were not caused by that judgment) are not barred." *Gilbank v. Wood Cnty. Dep't of Human Servs.*, 111 F.4th 754, 767 (7th Cir. 2024); *See Exxon Mobil Corp.*, 544 U.S. at 293 ("If a federal plaintiff 'present[s] some independent claim , albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'"). The *Rooker-Feldman* doctrine does not bar Guthrie's claim, but for the reasons explained below, his claim is *Heck*-barred.

**B. *__Heck v. Humphrey__***

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a plaintiff may not recover damages under 42 U.S.C. § 1983 when a judgment in his favor would necessarily imply the invalidity of a criminal conviction or sentence that has not been reversed, expunged, invalidated, or otherwise called into question. *Id.* at 486–87; *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014). However, "*Heck* does not automatically bar a § 1983 claim simply because the processes of the criminal justice system did not end up in the plaintiff's favor." *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006) (cleaned up); *see Davis v. Duncan*, No. 20-cv-2409, 2022 WL 4483926, at *2 (S.D. Ind. Sept. 27, 2022) ("A plaintiff . . . who has been convicted of resisting law enforcement is not per se *Heck*-barred from maintaining a § 1983 action for excessive force stemming from the same confrontation." (citation modified)).

Officer Haluda argues that Guthrie's excessive force claim necessarily implies the invalidity of his state court conviction for resisting law enforcement (Dkt. 30 at 7–8). Under Indiana law: "[a] person who knowingly or intentionally . . . forcibly resists, obstructs, or interferes with a law enforcement officer . . . while the officer is *lawfully engaged* in the execution of [his] duties . . . commits resisting law enforcement." Ind. Code § 35-44.1-3-1(a)(1) (emphasis added). "When considering whether an excessive force claim is *Heck*-barred by an underlying resisting law enforcement conviction, the timing of the resistance in relationship to the challenged force is critical." *Davis*, 2022 WL 4483926, at *3; *Shoultz v. State*, 735 N.E.2d 818, 825 (Ind. Ct. App. 2000) (finding officer was not "lawfully engaged in the performance of his duties because he used excessive force" against the plaintiff; reversing conviction for resisting law enforcement).

Construing Guthrie's Second Amended Complaint liberally and drawing all reasonable inferences in his favor, Guthrie's sole theory is that upon being pulled over, Officer Haluda used excessive force by immediately drawing her weapon without reason to do so. Guthrie's resistance, then, was necessarily in response to Haluda's alleged use of force. However, Guthrie's conviction for resisting arrest necessarily implies that Officer Haluda was acting lawfully when Guthrie resisted. *Davis*, 2022 WL 4483926, at *3 ("A plaintiff's resistance in response to an officer's lawful actions would be *Heck*-barred by a conviction for resisting law enforcement."); *Helman*, 742 F.3d at 763 (affirming dismissal of § 1983 claim premised on assertion that plaintiff only drew his weapon in response to officer's use of excessive force, which would imply invalidity of plaintiff's conviction for resisting law enforcement). Guthrie does not allege any other unreasonable conduct by Officer Haluda, for example, during or after his arrest, which might survive a *Heck* bar, so his excessive force claim must be dismissed. *See Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010)

(holding that plaintiff could not maintain § 1983 action premised on claim that he did not resist arrest but could proceed on claims based on excessive force used during or after effecting custody).

*Heck* itself uses the type of claim brought by Guthrie as an example of a claim that is barred. The Supreme Court explained that an example of "a § 1983 action that does not seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful" is one where "[a] state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a lawful arrest," and "[h]e then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures." *Heck*, 512 U.S. at 486 n.6. Because the plaintiff "would have to negate an element of the offense of which he has been convicted" to prevail, "the § 1983 action will not lie." *Id.*

A finding by this Court that Officer Haluda's use of force was excessive would entail a finding that she was not lawfully engaged in the execution of her duties at the time Guthrie resisted, so it would necessarily imply that Guthrie's conviction for resisting law enforcement is invalid. Accordingly, Guthrie's claim is *Heck*-barred. For this reason, Officer Haluda's Motion to Dismiss is **granted**, and Guthrie's § 1983 excessive force claim is **dismissed** without prejudice.[5]

### C. Dismissal of Action

Ordinarily, the Court would give Guthrie a final opportunity to amend his pleading. *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). However, such an opportunity is not necessary where amendment would be "futile or otherwise

[5] "A suit barred by the doctrine of *Heck* is premature and must be dismissed without prejudice, because *Heck* holds that the claim does not accrue until the conviction has been set aside." *Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019).

unwarranted." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). Here, Guthrie has already had two opportunities to amend his complaint, and each complaint has asserted numerous claims that, for the reasons explained in the Court's June 30, 2025 screening entry (Dkt. 15), are plainly barred. Guthrie's remaining claim against Officer Haluda is based on scant allegations and barred under *Heck*. In addition, Guthrie's duplicative lawsuits in this Court[6] and his frivolous filings in this case and his other cases, combined with Guthrie's complete inaction in this case over the last year, demonstrate that Guthrie has no interest in advancing legitimate claims. Amendment would thus be futile and leave to do so is unwarranted. This action will therefore be **dismissed without prejudice**.

## IV. CONCLUSION

For the reasons explained above, Officer Haluda's Motion to Dismiss (Dkt. 29) is **GRANTED**. Guthrie's § 1983 claim against Officer Haluda is **dismissed without prejudice**.

Final judgment will be issued in a separate entry.

**SO ORDERED**.

Date: September 22, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

[6] Guthrie filed seven other lawsuits in this Court in 2025 (all of which have been dismissed), many of which arise from the same facts as alleged this case or raise similar claims against similar defendants. *Guthrie v. Cline*, 1:25-cv-01550-JRS-MG (S.D. Ind. Aug. 5, 2025); *Guthrie v. Andry*, 4:25-cv-00028-TWP-KMB (S.D. Ind. Feb. 13, 2025); *Guthrie v. Cline*, 4:25-cv-00127-TWP-KMB (S.D. Ind. July 2, 2025); *Guthrie v. Warden*, 4:25-cv-00132-TWP-KMB (S.D. Ind. July 7, 2025); *Guthrie v. Orange County Court*, 4:25-cv-00139-TWP-KMB (S.D. Ind. July 23, 2025); *Guthrie v. Nikirk*, 4:25-cv-00032-TWP-KMB (S.D. Ind. Feb. 26, 2025); *Guthrie v. Bedford Fed. Savings Bank*, 4:25-cv-00033-TWP-KMB (S.D. Ind. Feb. 26, 2025).

Distribution:

TYLER GUTHRIE
620 Sportsman Club Rd.
Mitchell, IN 47446

Hunter Edmonds
Clyde & Co. US LLP
hunter.edmonds@clydeco.us

Brittney B. Rykovich
Clyde & Co. US LLP
brittney.rykovich@clydeco.us